IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BILLY DALE WALKER, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:12-CV-041-Y |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28 of the United States Code § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas.   The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Billy Dale Walker, TDCJ-ID #1729493, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Teague, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURAL HISTORY

In 2010 petitioner was charged by indictment with possession of a controlled substance, namely methamphetamine, of less than one gram in Case Number 1222435D in the Criminal District Court Number Three of Tarrant County, Texas.  (State Habeas R. at 51)[1]  The indictment also included a "state jail felony enhancement" alleging petitioner had been twice previously convicted of two sequential felony offenses, injury to a child in 1984 and burglary of a building in 1994, increasing the punishment for the offense to that of a second degree felony under former § 12.42(a)(2) of the Texas Penal Code.[2]  (*Id.* at 51, 53)

On July 15, 2011, pursuant to a plea agreement, petitioner pleaded guilty to the charged offense and true to the enhancement paragraph, in exchange for the state's 3-year sentence recommendation.  (*Id.* at 52-56)  The trial court admonished petitioner regarding his rights and waivers, accepted his plea, found him guilty of the offense, found the enhancement allegation true, and assessed his punishment in accordance with the plea agreement.  (*Id.* at 56, 58)

Petitioner did not appeal his conviction or sentence. (Pet. at 3) He did file a state application for writ of habeas corpus raising the issues presented herein, which the Texas Court of Criminal Appeals denied without written order on the findings of the trial court . (State Habeas R. at cover) Petitioner filed this federal petition for writ of habeas corpus on January 13, 2012. *See Spotville v.*

---

[1]"State Habeas R." refers to the record of petitioner's state habeas application no. WR-40,828-12.

[2]Section 12.42(a)(2) was amended effective September 1, 2011.  Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 1, 1995 Tex. Gen. Laws 2734, 2735, *amended by* Act of May 25, 2011, 82nd Leg., R.S., ch. 834, § 2, 2011 Tex. Gen. Laws 2104, 2104.  The provision is now found in § 12.425 of the penal code.

*Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding pro se habeas petition filed when papers delivered to prison authorities for mailing).

## D. ISSUES

Petitioner raises seven grounds for habeas relief:

"1.     Sentenced under the wrong punishment provisions;
2.     Illegal operation of law;
3.     Using prior void conviction for enhancement;
4.     Denied due process and due course of law;
5.     Ineffective assistance of counsel;
6.     Illegal enhancement paragraph; and
7.     Guilty plea entered unknowingly and involuntarily."

(Petition at 7-8)

## E. RULE 5 STATEMENT

Respondent believes that petitioner has exhausted available state remedies and that the petition is not time-barred or subject to the successive-petition bar. 28 U.S.C. § 2254(b)(1). (Resp't Ans. at 3)

## F. DISCUSSION

*1. Legal Standard for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by

the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. This presumption applies to all findings, express and implied. *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *Galvan v. Cockrell*, 293 F.3d 760, 764 (5th Cir. 2002). The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Finally, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Under these circumstances, a federal court may assume the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied. *Townsend v. Sain*, 372 U.S. 293, 314 (1963)[3]; *Catalan v. Cockrell*, 315 F.3d 491, 493 n.3 (5th Cir. 2002).

---

[3]The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

*2. State Courts' Adjudication of the Claims*

The state interpreted petitioner's claims in the state habeas proceedings as follows–

> The applicant, BILLY DALE WALKER ("Applicant"), alleges that he is being unlawfully confined because (1) he was sentenced under the wrong punishment provisions because this felony could not be enhanced by non-state jail felonies; (2) Applicant's offense was not aggravated or committed with a deadly weapon, therefore, could not be enhanced; (3) Applicant's prior conviction could not be used for enhancement because there was no indictment and was not a first degree felony; (4) he has been denied due process; (5) he received ineffective assistance of counsel because counsel did not know the law nor did he investigate the validity of the prior conviction; (6) Applicant's guilty plea was involuntary because the prior convictions could not be used for enhancement and one was void.

(State Habeas R. at 40)

Without conducting an evidentiary hearing, the state habeas court made the following relevant findings of fact on the record, entered conclusions of law based solely on state law, save for the application of *Strickland v. Washington* to petitioner's ineffective assistance claims, and recommended denial of petitioner's claims:

## FINDINGS OF FACT

. . .

*Improper Enhancements (Grounds One, Two, Three, Four)*

4. The indictment alleged two prior sequential felony convictions: a second degree felony offense of burglary of a building in 1994 and injury to a child in 1984 where the 1984 conviction was final before the commission of the 1994 conviction.

5. Application presents no authority or evidence to support his claim that the injury to a child conviction could not be used to enhance his offense because it was not a first degree felony.

6. Applicant presents no evidence or authority to support his claim that he was not indicted for the injury to a child offense.

5

7.     Applicant presents no evidence, or allegation, that he did not waive his right to an indictment in the injury to a child case.

8.     Applicant presents no evidence, or allegation, that he was not charged by a valid information in the injury to a child case.

9.     Applicant has not alleged facts that, if true, would provide him relief regarding his "lack of indictment" claim.

*Ineffective Assistance of Counsel (Ground Five)*

10.     Applicant presents no evidence to support his claim that counsel failed to investigate his case.

11.     Applicant presents no evidence to support his claim that counsel was unaware of the relevant law.

12.     The indictment alleged two prior sequential felony convictions:  a second degree felony offense of burglary of a building in 1994 and injury to a child in 1984 where the 1984 conviction was final before the commission of the 1994 conviction.

13.     Applicant presents no authority or evidence to support his claim that the injury to a child conviction could not be used to enhance his offense because it was not a first degree felony.

14.     Applicant presents no evidence or authority to support his claim that he was not indicted for the injury to a child offense.

15.     Applicant presents no evidence, or allegation, that he did not waive his right to an indictment in the injury to a child case.

16.     Applicant presents no evidence, or allegation, that he was not charged by a valid information.

17.     There is no evidence that counsel did not investigate.

8.     There is no evidence that counsel was unaware of the applicable law.

*Involuntary Plea (Ground Six)*

19.     Applicant presents no evidence to support his claim that he was not properly advised regarding the consequences of his plea.

20.   Applicant was admonished in writing in accordance with art. 26.13 [of the Texas Code of Criminal Procedure].

21.   Applicant acknowledged by his signature that he understood the admonishments and was "aware of the consequences of his plea."

22.   Applicant acknowledged by his signature that he was mentally competent and [h]is plea was "knowingly, freely, and voluntarily entered."

23.   Applicant acknowledged by his signature that "[n]o one ha[d] threatened, coerced, forced, persuaded or promised [him] anything in exchange for [his] plea."

24.   Applicant acknowledged by his signature that he was "totally satisfied with the representation given to [him] by [his] attorney."

25.   The indictment alleged two prior sequential felony convictions:  a second degree felony offense of burglary of a building in 1994 and injury to a child in 1984 where the 1984 conviction was final before the commission of the 1994 conviction.

26.   Applicant presents no authority or evidence to support his claim that the injury to a child conviction could not be used to enhance his offense because it was not a first degree felony.

27.   Applicant presents no evidence or authority to support his claim that he was not indicted for the injury to a child offense.

28.   Applicant presents no evidence, or allegation, that he did not waive his right to an indictment in the injury to a child case.

29.   Applicant presents no evidence, or allegation, that he was not charged by a valid information.

## CONCLUSIONS OF LAW

. . .

*Improper Enhancements (Grounds One, Two, Three, Four)*

3.   [Under former § 12.42(a)(2) of the Texas Code of Criminal Procedure,] "If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felonies, and the second previous felony conviction is for an offense that occurred

7

subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a second-degree felony."

4. The indictment properly alleged a second degree felony enhancement because it alleged two prior sequential felonies.

5. To be used for enhancement purposes, the statute only required that the convictions be felonies other than state jail felonies and that they be sequential.

6. It was not required that the injury to a child be aggravated or a first degree felony.

7. Applicant has failed to prove that his theft conviction [sic] could not be enhanced by the injury to a child prior conviction.[4]

8. In order to prevail, the applicant must present facts that, if true, would entitle him to the relief requested.

9. "[A]n 'Information' is a written statement filed and presented in behalf of the State by the district or county attorney, charging the defendant with an offense which may by law be so prosecuted."

10. "[I]t is well settled that a valid indictment, *or information if indictment is waived*, is essential to the district court's jurisdiction in a criminal case . . ."

11. Because Applicant fails to allege that there was not a valid information or a valid waiver of indictment vesting the trial court with jurisdiction in his 1984 conviction, Applicant has failed to allege facts that, if true, would entitle him to relief.

12. Applicant has failed to prove that the 1984 conviction was void.

13. Applicant has failed to prove that he was sentenced under the wrong punishment provisions.

---

[4]Petitioner challenged his July 15, 2011, conviction for theft, also out of Tarrant County, Texas, in a separate state habeas application, Application No. WR-40,828-13, and in his federal petition in *Walker v. Thaler*, No. 4:11-CV-776-A, wherein he raises the same or similar claims. That petition was denied on February 10, 2012. The state court's reference to the "theft offense" is clearly a typographical error, which should be construed as a reference to his "possession of a controlled substance conviction."

. . .

15.    Applicant has failed to prove that the enhancements are the illegal operation of law.

. . .

19.    Applicant has failed to prove that he was denied due process of law.

. . .

*Ineffective Assistance of Counsel (Ground Five)*

21.    The two-prong test enunciated in *Strickland v. Washington* applies to ineffective assistance of counsel claims [in] non-capital cases. To prevail on his claim of ineffective assistance of counsel, the applicant must show counsel's representation fell below an objective standard of reasonableness, and there is a reasonable probability the results of the proceedings would have been different in the absence of counsel's unprofessional errors.

22.    The Court of Criminal Appeals will presume that trial counsel made all significant decisions in the exercise of reasonable professional judgment.

23.    The totality of counsel's representation is viewed in determining whether counsel was ineffective.

24.    Support for Applicant's claim of ineffective assistance of counsel must be firmly grounded in the record.

25.    "A full inquiry into the strategy or tactics of counsel should be made only if from all appearances after trial, there is no plausible basis in strategy or tactics for his actions."

26.    Because the enhancement paragraph was proper, Applicant has failed to prove that counsel failed to properly investigate the case.

27.    Because the enhancement paragraph was proper, Applicant has failed to prove that counsel failed to properly know the relevant law.

28.    Trail counsel did not file a motion to quash the indictment because the enhancement paragraph was proper.

29.     Applicant has failed to show that counsel should have filed a motion to quash the indictment.

30.     Because there is no plausible basis in strategy for counsel not filing a motion to quash the indictment, a full inquiry into the strategy or tactics of counsel is not needed.

31.     Applicant has failed to prove that his attorney's representation fell below an objective standard of reasonableness.

32.     A party fails to carry his burden to prove ineffective assistance of counsel where the probability of a different result absent the alleged deficient conduct sufficient to undermine confidence in the outcome is not established.

33.     Applicant has failed to show that there is a reasonable probability that the outcome of the proceeding would have been different had counsel done more investigation.

34.     Applicant has failed to show that there is a reasonable probability that the outcome of the proceeding would have been different had counsel done more legal research.

35.     Applicant has failed to show that there is a reasonable probability that the outcome of the proceeding would have been different had counsel filed a motion to quash the indictment.

36.     Applicant has failed to show that there is a reasonable probability that, but for the alleged acts of misconduct, the result of the trial proceedings would have been different.

37.     Applicant received effective assistance of counsel.

        .   .   .

*Involuntary Plea (Ground Six)*

39.     There is a presumption of regularity with respect to guilty pleas under Texas Code of Criminal Procedure art. 1.15.

40.     Before accepting a guilty plea, the court must admonish the defendant as to the consequences of his plea, including determining whether the plea is freely, voluntarily, and knowingly given.

10

41. Applicant was properly admonished in accordance with Tex. Code Crim. Proc. Art. 26.13.

42. When a defendant complains that his plea was not voluntary due to ineffective assistance of counsel, "the voluntariness of the plea depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and if not, (2) whether there is a reasonable probability that, but for counsel's errors, he would have pleaded guilty and would have insisted on going to trial."

43. Because Applicant's punishment was properly enhanced, Applicant has failed to prove that his counsel's advice fell below "the range of competence demanded of attorneys in criminal cases."

44. Applicant has failed to prove that his plea was not voluntary due to ineffective assistance of counsel.

45. Applicant has failed to overcome the presumption that his plea was regular.

46. Applicant has failed to prove that his plea was not freely, knowingly, or voluntarily made.

(State Habeas R. at 41-47) (record references and citations omitted)

The Texas Court of Criminal Appeals denied relief on the habeas court's findings. This court must accord the state court's findings a presumption of correctness pursuant to § 2254(e)(1), and petitioner has failed to rebut this presumption by clear and convincing evidence. Claims based solely on state law are generally not cognizable in a § 2254 proceeding. A state prisoner seeking federal review pursuant to § 2254 must assert a violation of a federal constitutional right. *Lawrence v. Lensing*, 42 F.3d 255, 258 (5th Cir.1994). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. *Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir. 1993). Whether an offense has been properly enhanced is generally a matter of state law. *Rubio v. Estelle*, 689 F.2d 533, 536 (5th Cir. 1982); *Donald v. Jones*, 445 F.2d 601, 606 (5th Cir. 1971); *Ware v. Dretke*, No. 3:02-CV-2151-N, 2005 WL

11

701035, at *2 (N.D. Tex. Mar. 23, 2005), *adopted*, 2005 WL 1025964 (N.D. Tex. Apr. 28, 2005) (not designated for publication).  Petitioner, relying solely on state law, fails to demonstrate how the enhancements implicate a federal constitutional violation.  He generally asserts that he was denied due process and equal protection, however he fails to articulate and develop a federal constitutional claim.  (Pet'r Mem. at 2-7)

Nor has petitioner presented legal argument or evidence in this federal habeas action that could lead the court to conclude that the state courts unreasonably applied the standards set forth in *Strickland* based on the evidence presented in state court.  28 U.S.C. § 2254(d).  Conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to meet *Strickland* standards.  *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998).

Finally, nothing in the documentary record suggests that petitioner's plea was in any way induced by misunderstanding, coercion, or misrepresentation on the part of trial counsel or that counsel's advice was erroneous or unreasonable, given the fact that had petitioner gone to trial he would have been subject to a prison term of up to the statutory maximum of twenty years. (State Habeas R. at 53)  Petitioner's claims after the fact, in and of themselves, are insufficient to rebut the presumption that he received effective assistance of counsel, the presumption his pleas were knowing and voluntary, and the presumption of regularity of the state court records.  *See United States v. Oliver*, 630 F.3d 397, 414 (5th Cir.), *cert. denied*, 132 S. Ct. 758 (2011); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding state court records "are entitled to a presumption of regularity"); *Babb v. Johnson*, 61 F. Supp. 2d 604, 607 (S.D. Tex. 1999) (same).

## II. RECOMMENDATION

Based on the foregoing, the petition for writ of habeas corpus should be DENIED.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until _May 31_, 2012. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until _May 31_, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May ___10___, 2012.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

14